IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Julia Catherine Stanley, <br> a/k/a Nagipe Jutawin Stanley, <br> a/k/a Nagipejutawin, <br><br> Petitioner, <br><br> v. <br><br> Director of the Greenville County <br> Detention Center, <br><br> Respondent. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 6:25-cv-07262-DCC <br><br><br><br><br><br> **ORDER** |

This matter is before the Court on Petitioner's pro se petition. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On September 22, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice and without requiring Respondent to file an answer. ECF No. 16. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Petitioner has not filed objections and the time to do so has lapsed.[1]

---

[1] As noted by the Magistrate Judge, the only address provided by Petitioner is for the United States Supreme Court. As she has provided no other address, her filings are being sent to her last known address, which is the Greenville County Detention Center, although it appears she has been released.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error[2] and agrees with the Report's recommendation. This action is **DISMISSED** without prejudice and without requiring Respondent to file a return.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 6, 2025

---

[2] Out of an abundance of caution in light of the fact that the Court is unable to contact Petitioner and it is unclear whether she has been able to review the Report, the Court notes that it would reach the same result upon a de novo review.

Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.